UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA WHEELER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Sally J. Berens

Case No. 1:20-cv-683

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether

there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker may properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on December 11, 2016, alleging that she had been disabled as of January 14, 2011. (PageID.94–95, 183–84). Plaintiff alleged disability due to ductile carcinoma in situ, invasive ductile carcinoma, lymphedema, and memory loss. (PageID.94–95.) Plaintiff was 47 years old at her alleged onset date and 53 years old at the time she filed her

application. (PageID.94.) Plaintiff graduated from high school and had past relevant work as a fast-food manager. (PageID.58, 223.) After Plaintiff's application was denied, she requested a hearing before an Administrative Law Judge (ALJ). Plaintiff subsequently amended her alleged onset date to April 27, 2015. (PageID.196.)

On January 7, 2019, ALJ Regina Sobrino held a hearing and received testimony from Plaintiff and Pauline A. McKeekin, an impartial vocational expert (VE). (PageID.70–92.) On May 22, 2019, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled from her amended alleged onset date through her date last insured, March 31, 2016. (PageID.46–59.) The Appeals Council denied Plaintiff's request for review on May 27, 2020. (PageID.37–39.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432,434 (6th Cir. 2007).

Plaintiff initiated this civil action for judicial review on July 25, 2020.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the Act's insured status requirements through March 31, 2016, and had not engaged in substantial gainful activity since her amended alleged onset date, the ALJ found that Plaintiff suffered from severe impairments of asthma; breast cancer residuals with lymphedema of the right arm; varicose veins; and an affective disorder. (PageID.48.) The ALJ found Plaintiff's hypertension to be a non-severe impairment. (PageID.48–49.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20

---

must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

C.F.R., Part 404, Subpart P, Appendix 1. (PageID.49–50.) The ALJ considered listings 3.03 (asthma), 4.11 (varicose vein condition), and 13.10 (breast cancer with residuals of lymphedema) for Plaintiff's physical impairments and listing 12.04 for her affective disorder. (PageID.49.)

The ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> [T]he opportunity to sit or stand while working, provided changing positions did not result in being off task more than 10% of the work period; no climbing of ladders, ropes, or scaffolds; occasional climbing of stairs, stooping, balancing, kneeling, and crouching; no crawling; no concentrated exposure to respiratory irritants; no concentrated exposure to extremes of temperature or humidity; no operation of foot or leg controls; no overhead reaching with the nondominant right arm; and simple, routine, repetitive, unskilled work with a specific vocational preparation (SVP) of 1 or 2 as defined in the Dictionary of Occupational Titles (DOT), with no fast-paced production requirements.

(PageID.50.)

At step four, the ALJ found that Plaintiff was unable to perform her past relevant work. (PageID.57–58.) At step five, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the occupations of general office clerk, information clerk, and inspector, 220,000 of which existed in the national economy. (PageID.58-59.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## **DISCUSSION**

Plaintiff raises essentially one argument in her appeal. That is, the ALJ's decision is not supported by substantial evidence because it failed to consider evidence of Plaintiff's peripheral neuropathy from the relevant period at step two, in assessing Plaintiff's RFC, and in formulating hypothetical questions for the VE.

5

Plaintiff was diagnosed with breast cancer in her right breast in January 2011. (PageID.672.) She underwent chemotherapy and bilateral mastectomies in 2011, followed by reconstruction/revision surgery in 2012. (PageID.660, 663, 708, 710–11.) Plaintiff complained of various impairments and symptoms associated with her breast cancer and chemotherapy, including neuropathy in her feet, lymphedema, and depression. (PageID.76.)

In discussing the medical records during the relevant period, the ALJ summarized medical records from Plaintiff's routine breast cancer follow-up appointments with her oncologist, Kathleen Yost, M.D.:

> Since the amended alleged onset date, records from Cancer & Hematology Centers of Western Michigan document a follow up visit on July 14, 2015, with oncologist, Kathleen Yost, M.D., at which the claimant had no new complaints and was "doing well. She continues on tamoxifen. At last visit we discussed her going off the effexor. She decided to do so and has done well with being off the drug" (Exhibit 8F/2). A musculoskeletal examination on July 14, 2015 revealed normal gait and station. Range of motion was normal. Strength and tone were normal. There was no joint swelling. There was no edema. Neurologically, the claimant was alert and oriented. Her speech was normal. Cranial nerves were intact. There were no motor deficits (Exhibit 8F/3). Dr. Yost reported there was no evidence of recurrent disease and that the claimant was tolerating Tamoxifen (Exhibit 8F/4). At a follow up visit on January 12, 2016, Dr. Yost noted the claimant reported she was "active and doing well" (Exhibit 8F/5). The claimant had "ECOG 0: Fully active, able to carry on all pre-disease performance without restriction" (Exhibit 8F /6).

(PageID.51–52.) The ALJ did not mention that Plaintiff had reported symptoms of peripheral neuropathy in her feet to her doctor until she summarized the records from Plaintiff's next follow-up visit with her oncologist on July 25, 2016, about four months after Plaintiff's date last insured. (PageID.53.)

Plaintiff contends that the ALJ's decision lacks substantial evidence because the ALJ overlooked that Plaintiff reported neuropathy symptoms to Dr. Yost during both the July 14, 2015 and January 12, 2016 visits. (PageID.1423, 1426.) She argues that, given these reports, the ALJ

6

should have found Plaintiff's peripheral neuropathy to be a severe impairment. (ECF No. 18 at PageID.1490.)

Even assuming that the ALJ erred in failing to find peripheral neuropathy a severe impairment, Plaintiff is not entitled to relief. During the hearing, the ALJ reminded Plaintiff to focus her testimony on the relevant period between April 2015 and March 2016. (PageID.75.) In her decision, ALJ specifically recognized Plaintiff's complaints of neuropathy but concluded that her "allegations of disabling symptoms prior to the expiration of [her] Title II insured status are not fully supported by the objective medical evidence of record." (PageID.51, 56.) The evidence the ALJ cited for the relevant period supports this conclusion. The ALJ's decision shows that she considered the entire record, and there is no evidence that this impairment limited Plaintiff to a greater degree prior to her date last insured than the ALJ recognized in her RFC assessment. *See Kestel v. Comm'r of Soc. Sec.*, 756 F. App'x 593, 598 (6th Cir. 2018); *see also Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing that the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality"). Moreover, the mere diagnosis of a condition does not justify relief. *See, e.g., Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis . . . of course, says nothing about the severity of the condition."); *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 589 (6th Cir. 2019) ("Disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it."). The ALJ's failure to note Plaintiff's subjective complaints of neuropathy on two occasions during the relevant period does not undermine her RFC assessment. Therefore, this argument lacks merit.

Plaintiff's contention that that the RFC is not supported by substantial evidence because the State agency physician's opinion was not based on the entire case record also fails. The Sixth Circuit has held that an ALJ may properly rely on the opinion of a State agency physician so long

as the ALJ indicates in her decision that she considered evidence received later in the case that the State agency physician did not review. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) (noting that the Sixth Circuit requires some indication that the ALJ considered the entire case record before giving greater weight to the opinion of a non-examining physician). In *McGrew v. Commissioner of Social Security*, 343 F. App'x 26 (6th Cir. 2009), the court rejected the plaintiff's argument that "the ALJ improperly relied on the state agency physicians' opinions because they were out of date and did not account for changes in her medical condition." *Id.* at 32. The court found no error because the ALJ's decision clearly indicated that he considered the medical examinations that occurred after the State agency physicians rendered their opinions. *Id.* Moreover, it is the ALJ, not a physician, who is charged with the responsibility of determining a claimant's RFC based on the evidence as a whole. 20 C.F.R. §§ 404.1545(a)(1), (3); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (noting that "an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding"). "Although the RFC must be supported by evidence of record, it need not correspond to, or even be based on any specific medical opinion." *Simon v. Comm'r of Soc. Sec.*, No. 2:16-CV-259, 2017 WL 1017733, at *6 (S.D. Ohio Mar. 16, 2017), *report and recommendation adopted*, 2017 WL 3172717 (S.D. Ohio July 25, 2017) (citing *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015)). Because the ALJ expressly indicated that she had considered the entire record (PageID.57 (noting that the State agency physician's opinion was generally consistent with the objective medical evidence and other evidence of record, "including more recent treatment records received at the hearing level")), the ALJ was not required to obtain an additional medical opinion. *See Van Pelt v. Comm'r of Soc. Sec.*, No. 1:19 CV 2844, 2020 WL 7769729, at *12 (N.D. Ohio Dec. 30, 2020) ("If it can be

8

supported for an ALJ to reject all medical opinion evidence of record and formulate an RFC based on the record as a whole, then it certainly can also be supported for an ALJ to rely (in part) on outdated medical opinions without obtaining updated opinion evidence, so long as the ALJ's ultimate decision is supported by substantial evidence.") (citing *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401–02 (6th Cir. 2018), and *McGrew*, 343 F. App'x at 32).

Finally, to the extent Plaintiff contends that the ALJ's hypotheticals to the VE failed to account for her peripheral neuropathy, her argument lacks merit. It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 715 (6th Cir. 2013) ("An ALJ is only required to incorporate into a hypothetical question those limitations he finds credible."); *Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x 429, 438 (6th Cir. 2010) (noting that "it is . . . 'well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact'") (quoting *Casey*, 987 F.2d at 1235). The hypothetical questions the ALJ posed to the vocational expert were accurate and were not required to include limitations she found unsubstantiated. Therefore, this argument fails.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is **affirmed**. An order consistent with this opinion will enter.

Dated: March 16, 2022                                    /s/ Sally J. Berens
                                                                                SALLY J. BERENS
                                                                                 U.S. Magistrate Judge